Arnold P. Etelson, J.
Application has been made to this court by means of an order to show cause in this action and another involving the same plaintiffs and defendant Laura Wag-man, to set aside default judgments taken in this court. The summons with notice in each case was served by substituted service. The moving papers allege that at the time of the alleged service the defendants were not residing at the place where service is claimed to have been effected, and that they did not receive a copy of the summons by mail or otherwise. Their affidavits allege that they each have meritorious defenses to plaintiffs ’ claims for damage to alleged leased premises and for rental of the premises.
Plaintiffs contend that this court has no jurisdiction to alter its judgment and that defendants’ only remedy is by appeal, citing Morrison’s Guide for Justices of the Peace (p. 40), and section 426 of the former Justice Court Act. No case has been brought to this court’s attention holding squarely that the Justice Court, or its predecessor Justices’ Court in townships and Police Court in villages, lacks the jurisdiction or power to set aside a default judgment rendered by the same court. Whatever may have been the law prior to September 1,1967 when the Uniform Justice Court Act took effect, there is no valid reason to deny the Justice Court of the inherent power of a court to *791 entertain appropriate applications to set aside its judgments upon grounds which are well established in the County and Supreme Courts.
CPLR 101 governs ‘ ‘ the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute ”. CPLR 5015 establishes the well-known grounds for relieving a party from a judgment or order. Therefore, the apparent absence of any specific authorization in the Uniform Justice Court Act for such an application does not deprive the Justice Court of the power to entertain and grant a motion to set aside a judgment.
In the case at bar, defendants furthermore have attacked the jurisdiction of the court claiming that no jurisdiction was effected upon the persons of the defendants. That question must be decided after a traverse held before this court. To in each instance call upon the office of an appellate court to decide whether the trial court had jurisdiction, or where service is admitted but excusable default and a meritorious defense is alleged, would unnecessarily burden the appellate courts with cases that they need not decide. To the appellate courts, of course, would be reserved the cases upon which a party desires to appeal from an alleged improper granting or refusal to grant a motion to set aside a judgment.
The motions are granted to the extent that a traverse be held in this court to determine the validity of the alleged service of the summonses, at the conclusion of which a further decision will be made. The traverse will be held on June 17,1971 at 7:00 p.m. at the courthouse. Pending further decision by the court, the plaintiffs are stayed from taking further proceedings supplementary to judgment. This decision is deemed an order of this court.